UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON TACOMA DIVISION

| | |
|---|---|
| IN RE APPLICATION OF NAGRAVISION SA,<br><br>Applicant. | Case No.: 2:21-mc-00051-RSL<br><br>**NAGRAVISION SA'S *EX PARTE* APPLICATION TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782** |

Nagravision SA ("Nagravision") of Cheseaux, Switzerland applies to the Court to obtain targeted discovery from Amazon Technologies, Inc. ("Amazon"), located in this district, for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. Amazon hosts a server associated with an unauthorized Internet rebroadcasting service that provides television programming of Nagravision's customer in France. The identity of the Amazon customer using the server is unknown. Nagravision therefore applies for permission to serve the subpoena attached as Exhibit 1 on Amazon, which requests information that will enable Nagravision to identify and take legal action against the parties that are responsible for the Internet rebroadcasting service associated with the Amazon server.

### I.      FACTUAL BACKGROUND

**A.      Nagravision's Security Technology**

Several leading broadcasters in the pay-television industry employ Nagravision's security technology to provide secure access to their subscription-based television services.

NAGRAVISION SA'S *EX PARTE* APPLICATION TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 - 1

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

(Declaration of Pascal Metral ¶ 3.) Pay-television broadcasters implementing Nagravision's security technology transmit their signal to subscribers in an encrypted form. (*Id.* ¶ 4.) To receive the signal, subscribers must purchase or lease from the broadcaster a receiver paired with a smart card and a programming subscription plan. (*Id.*) Nagravision designs and licenses software incorporated into the receivers and smart cards. (*Id.* ¶ 5.) The smart card is used to (1) manage, store, and communicate to the receiver the subscriber's right to decrypt channels based on his subscription plan, and (2) decrypt encrypted control words or "keys" required to unlock and view channels for which the subscriber has purchased access. (*Id.*)

Nagravision's control words are transmitted to subscribers in the encrypted audio and video streams of the pay-television broadcasters. (*Id.* ¶ 6.) Control words are channel specific and change frequently. (*Id.*) Nagravision's control words are double protected by being delivered in encrypted packets called "entitlement control messages" or "ECMs." (*Id.*) The keys used to decrypt these ECMs, called "transmission keys," are stored in the memory of the subscriber's smart card. (*Id.*)

When a subscriber wants to watch a specific pay-television channel, the receiver obtains the ECM containing the encrypted control word from the satellite stream and then forwards it to the smart card. (*Id.* ¶ 7.) The smart card uses its current transmission key to decrypt the ECM. (*Id.*) The smart card then checks its rights database to confirm the subscriber purchased a subscription to view the programming the control word will decrypt. (*Id.*) Provided the rights match, the smart card forwards the unencrypted control word to the receiver, where the control word decrypts the pay-television broadcast. (*Id.*) In this way, the Nagravision security technology plays a vital role in ensuring that the television programming of Nagravision's customers is made accessible only to authorized subscribers that have purchased the right to view the content. (*Id.*)

**B.     Circumvention of Nagravision's Security Technology via the Amazon Server**

"Internet key sharing" or "IKS" is a form of piracy that involves unauthorized

NAGRAVISION SA'S *EX PARTE* APPLICATION TO
OBTAIN DISCOVERY FOR USE IN FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C. § 1782 - 2

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

harvesting and redistribution of Nagravision's proprietary control words. (*Id.* ¶ 8.) Control words are obtained by purchasing a subscription with a pay-television broadcaster and then using a genuine smart card activated on that account to decrypt ECMs containing the Nagravision control words. (*Id.*) Once decrypted, control words are sent from the smart card to a computer server, called a "control word server," where they are saved in the server's memory or cache. (*Id.*)

The control word server is accessed using an unauthorized receiver that is connected to the Internet. (*Id.* ¶ 9.) When tuned to a pay-television channel, the unauthorized receiver requests the control word for that particular channel from the control word server. (*Id.*) The control word server sends the control word to the unauthorized receiver where the control word decrypts the channel, thereby enabling the end user to receive the channel without having authorization from and without paying the pay-television broadcaster. (*Id.*)

IKS is also used to supply or "seed" Internet-based rebroadcasting services with improperly obtained television channels. (*Id.* ¶ 10.) The pay-television broadcaster's channels are acquired without authorization by circumventing the Nagravision security technology using IKS. (*Id.*). The unencrypted channels are then rebroadcast over the Internet using a network of servers. (*Id.*) Similar to an IKS service, end users of the Internet rebroadcasting service are able to receive the channels without authorization from and without paying the pay-television broadcaster. (*Id.*)

The server at issue in this application is associated with an Internet rebroadcasting service that provides unauthorized access to the pay-television programming of Nagravision's customer in France, Canal+, including Canal+'s own channels and SFR and beIN channels. (*Id.* ¶ 11.) The server corresponds to the subdomain, appstore.png12.com, and has the IP address 18.184.217.102, which is allocated to Amazon (the "Amazon Server"). (*Id.*) Nagravision discovered the Amazon Server through IP tracing, whereby Nagravision accessed the Internet rebroadcasting service using an unauthorized receiver and with a network analysis tool identified

NAGRAVISION SA'S *EX PARTE* APPLICATION TO
OBTAIN DISCOVERY FOR USE IN FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C. § 1782  - 3

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

the IP address of the servers supporting the Internet rebroadcasting service, which included the Amazon Server. (*Id.* ¶ 12.) The Amazon Server directs users to applications for downloading to their unauthorized receiver that enable access to Canal+ and other pay-television programming offered through the Internet rebroadcasting service. (*Id.*) Unlike traditional devices that may be used in connection with a host of applications, the unauthorized receivers limit users to those applications accessible through the Amazon Server, which is hard coded into the main firmware of the unauthorized receiver. (*Id.*)

## II.     ARGUMENT & AUTHORITIES

### A.     Legal Standard

There are four statutory requirements under section 1782: (1) "the request must be made by a foreign or international tribunal, or by any interested party;" (2) "the application must request testimony or statement or request the production of a document or other thing;" (3) "the evidence must be for use in a proceeding in a foreign or international tribunal;" and (4) "the person subject to the request must reside in the district court where the application is pending.'" *Pott v. Icicle Seafoods, Inc.*, 945 F. Supp. 2d 1197, 1199 (W.D. Wash. 2013) (internal quotations omitted).

If these requirements are met, the court has discretion to grant the application, which is guided by four additional factors: "(1) whether the application seeks discovery from a party that is a participant in the foreign proceeding, (2) the nature of the proceeding and that tribunal's receptivity to the requested discovery, (3) whether the request attempts to circumvent foreign discovery restrictions or policies, and (4) whether the request is unduly burdensome or intrusive." *Id.* (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

"An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782." *In re Ontario Principals' Council*, No. 2:13-mc-120-LKK-KJN, 2013 WL 6844545, at *3 (E.D. Cal. Dec. 23, 2013); *see In re Lee-Shim*, No. 5:13-mc-80199-LHK-PSG, 2013 WL 5568713, at *1 (N.D. Cal. Oct. 9, 2013) ("It is common for parties to request and obtain orders

NAGRAVISION SA'S *EX PARTE* APPLICATION TO
OBTAIN DISCOVERY FOR USE IN FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C. § 1782  - 4

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

authorizing discovery ex parte. Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotations omitted).

**B.     The Statutory Requirements are Satisfied**

The first requirement in section 1782 is met because Nagravision is an "interested person" in that Nagravision is harmed by the Internet rebroadcasting service associated with the Amazon Server and intends to bring legal action against the responsible parties. *See Ontario*, 2013 WL 6844545, at *3 (granting § 1782 application and finding "[a]pplicants are interested persons, because they allege that they have been harmed by the purportedly defamatory blog and posting at issue in the application, and intend to seek redress for such harm by commencing civil litigation in Ontario, Canada").

The second requirement in section 1782 is also satisfied because Nagravision, through the attached subpoena, is "request[ing] the production of a document or other thing" from Amazon.

In addressing the third requirement, the Supreme Court explained that "the proceeding for which discovery is sought under § 1782 must be within reasonable contemplation, but need not be 'pending' or 'imminent'." *Intel*, 542 U.S. at 243 (holding that application was proper under § 1782 even though applicant's complaint was only in the investigative stage). Nagravision fully intends to bring legal action against the customer responsible the Internet rebroadcasting service associated with the Amazon Server once the parties have been identified. (Metral Decl. ¶¶ 13-15.) The discovery requested from Amazon will be used to identify the responsible parties and establish liability for their operation and control of the Internet rebroadcasting server and service, as shown in Part II.C, *infra*. Nagravision obtained nearly identical discovery from businesses like Amazon and used that discovery to identify and pursue legal claims against persons responsible for operating servers similar to the Amazon Server.

NAGRAVISION SA'S *EX PARTE* APPLICATION TO
OBTAIN DISCOVERY FOR USE IN FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C. § 1782 - 5

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

(Metral Decl. ¶ 16.) Therefore, the third requirement is satisfied. *See Ontario*, 2013 WL 6844545, at *3 ("the court has little difficulty in concluding that contemplated civil litigation in Canada qualifies as a proceeding in a foreign tribunal for purposes of [§ 1782]").

Finally, the fourth requirement in section 1782 is satisfied because Amazon resides in this District. (Metral Decl. ¶ 11, Ex. 2.)

**C.     The Discretionary Factors Favor Nagravision**

The first factor favors granting this application because Nagravision intends to bring legal action only against the parties responsible for the Internet rebroadcasting service associated with the Amazon Server, and not Amazon. (Metral Decl. ¶ 13.) *See Ontario*, 2013 WL 6844545, at *3 (holding first factor favored applicant where targets of subpoenas would not be parties to the contemplated litigation in Canada); *Lee-Shim*, 2013 WL 5568713, at *2 (first factor favored applicant because Yahoo! was not a party to any foreign proceeding or a resident of the foreign countries where the investigation was pending).

The second factor takes into account the nature of the foreign proceeding and whether the foreign tribunal would be receptive to the discovery obtained under section 1782. The burden is on the party opposing discovery to provide "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Siemens AG v. W. Digital Corp.*, No. 8:13-cv-01407-CAS-(AJWx), 2013 WL 5947973, at *4 (C.D. Cal. Nov. 4, 2013).

The Internet rebroadcasting service associated with the Amazon Server provides subscription-based television programming of Nagravision's customer, Canal+. (Metral Decl. ¶ 11.) Canal+ broadcasts content from France to authorized subscribers. (*Id.* ¶ 13.) Because the operators of the Internet rebroadcasting service are believed to obtain Canal+ channels using IKS, which requires them to extract Nagravision's control words from Canal+'s broadcasts, Nagravision believes that one or more parties responsible for the Internet rebroadcasting service are located in or working with persons in France, and that France will otherwise be an appropriate forum for Nagravision to assert its legal claims. (*Id.* ¶¶ 13-15.) There is no

NAGRAVISION SA'S *EX PARTE* APPLICATION TO
OBTAIN DISCOVERY FOR USE IN FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C. § 1782  - 6

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

authoritative proof that France will be unreceptive to judicial assistance from the United States.[1]

The third factor, although there is no "foreign discoverability" requirement in section 1782, allows the court to consider whether the application is a bad faith attempt to circumvent foreign proof-gathering restrictions. *See In re PJSC Uralkali for an Order Pursuant to 28 U.S.C. § 1782*, No. C18-1673JLR, 2019 WL 291673, at *5 (W.D. Wa. Jan. 23, 2019) (citing *Intel*). Nagravision is unaware of any restrictions on proof-gathering procedures in France that would prohibit the discovery requested in this application. (Metral Decl. ¶ 23.) Nor is this application brought in bad faith. Rather, Nagravision requests information from Amazon to identify the parties circumventing its security technology and unlawfully rebroadcasting its customer's programming. (*Id.* ¶ 13.)

The last factor favors Nagravision because the proposed subpoena is narrowly tailored to obtain discovery that will identify the responsible parties and establish liability for their operation and control of the Internet rebroadcasting service associated with the Amazon Server. (*Id.* ¶ 16.) The requested information, summarized below, is required based on Nagravision's experience pursuing legal actions against Internet rebroadcasting services and others involved in pay-television piracy – like the parties using the Amazon Server – who often times provide false account information and take other steps to conceal their identities:

- Request Nos. 1-3 – account profile, applications, and statements;
- Request Nos. 4-5 – payment records, support tickets and communications;
- Request Nos. 6 – IP address logs.

(*Id.* ¶¶ 17-22 [explaining in detail the relevance of the requested discovery].) Nagravision will pay reasonable costs incurred by Amazon in responding to the subpoena, further reducing any

---

[1] Alternatively, Nagravision may pursue legal action against the responsible parties where they are located (if not France), to be determined with the assistance of Amazon's subpoena response. (*Id.* ¶ 13.)

NAGRAVISION SA'S *EX PARTE* APPLICATION TO
OBTAIN DISCOVERY FOR USE IN FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C. § 1782 - 7

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

burden.

Similar discovery has been allowed pursuant to section 1782. *See In re Action & Protection Found.*, No. 14-cv-80076 MISC EMC (LB), 2015 WL 1906984, at *7 (N.D. Cal. Apr. 27, 2015) (granting application and ordering ISP to produce 28 categories of information, including customer information, account applications, payment and billing records, communications, server log files relating to the subject domain, content uploaded to that domain, and IP address logs); *In re Societe d'Etude de Realisation et d'Exploitation pour le Traitement du Mais*, No. C13-80261-MISC LHK (HRL), 2013 WL 6141655, at *2 (N.D. Cal. Nov. 21, 2013) (granting application to serve subpoena for account information, billing records, and IP addresses); *In re Click Consult Ltd.*, No. 2:13-mc-00135-RSL, Dkt. 4 (W.D. Wash. Sept. 26, 2013) (granting application and allowing subpoena to Amazon for all information relating to identity of Amazon customer, including financial records).

Nagravision has also obtained identical information in analogous cases for purposes of identifying the persons operating servers similar to the Amazon Server. *See In Re Application of Nagravision SA*, No. 2:16-mc-0111-RSL (W.D. Wash.) (granting 1782 application for same discovery regarding IP addresses allocated to Amazon); *In Re Application of Nagravision SA*, No. 2:17-mc-00032-PHX-DGC (D. Ariz.) (granting 1782 application for discovery pertaining to GoDaddy domain names); *Nagravision SA v. Zhuhai Gotech Intelligent Tech*. Co., No. 4:15-cv-00403 (S.D. Tex.) (permitting Nagravision to obtain same information concerning various IP addresses by motion for expedited discovery) (attached to Metral Decl. at Exs. 4-6).

### III.  CONCLUSION

The Court should grant Nagravision's application. A proposed order has been submitted, which sets out a two-step approach whereby Amazon first notifies its customers and all have an opportunity to object or seek a protective order, and second Amazon produces the information to Nagravision after any objections are resolved.

NAGRAVISION SA'S *EX PARTE* APPLICATION TO
OBTAIN DISCOVERY FOR USE IN FOREIGN
PROCEEDING PURSUANT TO 28 U.S.C. § 1782  - 8

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)


Dated this 20th day of April 2021.

                                        **FREEMAN LAW FIRM, INC.**

        *s/ Spencer Freeman*
Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98402
sfreeman@freemanlawfirm.org
sierra@freemanlawfirm.org

**HAGAN NOLL & BOYLE LLC**
Timothy M. Frank (*pro hac vice* to be filed)
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
timothy.frank@hnbllc.com

Attorneys for Applicant Nagravision SA

NAGRAVISION SA'S *EX PARTE* APPLICATION TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782 - 9

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
(253) 383-4500 - (253) 383-4501 (fax)

# EXHIBIT 1

Case 2:21-mc-00051-RSL   Document 1   Filed 04/20/21   Page 10 of 15

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | | |
|---|---|---|
| Nagravision SA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Amazon Technologies, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and the responding party. | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE APPLICATION OF NAGRAVISION SA,<br><br>Applicant. | No.<br><br>**SUBPOENA ATTACHMENT A** |

*Definitions*

1. **Amazon Server.** "Amazon Server" means the server identified by the IP address 18.184.217.102.

2. **Customer.** "Customer" means the person or entity assigned or otherwise responsible for the IP address 18.184.217.102 at any time from January 1, 2020 to present.

*Requests For Production, Inspection & Copying*

1. Account profiles or other documents sufficient to identify the full name, contact information, and IP addresses for the Customer assigned the Amazon Server;

2. Account applications or other documents used to create or make changes to each account associated with the Customer assigned the Amazon Server;

3. Account statements for each account associated with the Customer assigned the Amazon Server from January 1, 2020 to present;

4. Payment records for each account associated with the Customer assigned the Amazon Server from January 1, 2020 to present, including documents that identify the account or other source from which the payment was made;

5. Communications sent to or from the Customer assigned the Amazon Server from January 1, 2020 to present, including account set-up correspondence and technical support tickets;

6. Logs or other documents sufficient to identify each IP address that accessed the Amazon Server, including a date and time stamp for each instance of access, from January 1, 2020 to present.